MURDOCK, Justice
(concurring specially).
I concur in denying the petition for the writ of certiorari in this case. The sole question raised in the petition to this Court is whether the holding of the Court of Criminal Appeals in its opinion in this case conflicts with the holding of the United States Supreme Court in Walter v. United States, 447 U.S. 649, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980). The facts of *933 the two cases and, consequently, the holdings of the two courts are sufficiently different that those holdings do not conflict with one another. In Walter, there was no dispute that the government clearly exceeded the scope of the search actually conducted by a third party. Likewise, in the present case, there is little dispute that the government exceeded the scope of the search actually conducted by a third party. In Walter, however, there was no dispute but that the government exceeded the scope of any search that had been authorized by the defendant. The same cannot be said here.
More specifically, the petition focuses on evidence indicating that employees of Best Buy electronics retail stores who were working on customers’ computers were restricted by their employer from opening computer files they suspected of containing illegal content. The petition does not address, nor assert a conflict or an issue of first impression with respect to, whether Corey Beantee Melton knew or reasonably should have known that employees of Best Buy would need to open certain folders on his computer and thereby gave up any expectation of privacy with respect to such folders. Compare Commonwealth v. Sodomsky, 989 A.2d 363 (Pa.Super.Ct.2007) (finding that a defendant reasonably should have expected that a third party hired to install a new DVD drive in his computer might use videos already in his computer as a method to test the newly installed equipment).
Although I concur in denying the petition for the writ of certiorari in this case, I do not wish to be understood as agreeing in all respects with the analysis employed by the Court of Criminal Appeals. Among other things, I am concerned about the treatment of the inquiry, in the second half of Part II of that court’s opinion, into whether any expectation of privacy Melton retained in his computer files was “an expectation that society is prepared to consider reasonable,” Melton v. State, 69 So.3d 916, 928 (Ala.Crim.App.2010), as somehow different from the inquiry in the first half of Part II into “whether Melton had a reasonable expectation of privacy in the files,” 69 So.3d at 927. By definition, the two inquiries are the same. See United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) (“A ‘search’ occurs when an expectation of privacy that society is prepared to consider reasonable is infringed.”).